DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| VALLEY NATIONAL BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2016-47 |
| ) | |
| M/Y CORSAIR F/K/A SWEET ) | |
| ILLUSION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

APPEARANCES:

**Claire Tagini**
**Ryan C. Meade**
Quintairos, Prieto, Wood, & Boyer, P.A.
Miami, FL
    *For Valley National Bank.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Valley National Bank for default judgment against M/Y Corsair f/k/a Sweet Illusion.

### I.    FACTUAL AND PROCEDURAL HISTORY

The M/Y Corsair f/k/a Sweet Illusion (the "Sweet Illusion") is a vessel owned by Chuck T, LLC ("Chuck T"). On October 12, 2004, Chuck T borrowed $792,000 from NFB Maritime, Inc., d/b/a First New England Financial ("NFB Maritime"). At or about that time, Chuck T executed and delivered to NFB Maritime a promissory note (the "Note") in which Chuck T promised to pay NFB Maritime $792,000 plus interest, expenses, and fees. On

October 12, 2004, Chuck T granted to NFB Maritime a mortgage on the Sweet Illusion (the "Mortgage") as security for the payment of the Note. The terms of the Mortgage gave NFB Maritime the right to accelerate payment on the Note in the event of a default and the right to sell or dispose the Sweet Illusion at private sale or public auction.

On October 13, 2004, NFB Maritime assigned its interest in the Mortgage to Ameribank. On April 15, 2008, Ameribank assigned its interest in the Mortgage to Enterprise National Bank of Palm Beach ("Enterprise National Bank"). Subsequently, First United Bank purchased Enterprise National Bank's parent company, Enterprise Bancorp. As a result, First United Bank became the successor in interest to Enterprise National Bank. Thereafter, Valley National Bank merged with First United Bank. Valley National Bank is the surviving entity as a result of that merger. Thus, Valley National Bank became the successor in interest to First United Bank.

On March 12, 2016, Chuck T failed to make a monthly payment and was in default under the terms of the Note and Mortgage. On May 19, 2016, Valley National Bank accelerated the amount due under the Note and demanded that Chuck T pay the Note in full. Chuck T has not cured its default.

On June 20, 2016, Valley National Bank commenced this action in rem against the Sweet Illusion seeking to foreclose on the Mortgage. On June 27, 2016, the Clerk of Court issued a warrant for the arrest of the Sweet Illusion. The United States Marshal arrested the Sweet Illusion on August 2, 2016.

From August 3, 2016, through September 2, 2016, Valley National Bank published notice of this action in the St. Thomas Source, an online newspaper focused on Virgin Islands specific news.

No party has filed an answer or filed a claim against the Sweet Illusion. On October 28, 2016, the Clerk of Court entered default against the Sweet Illusion. Subsequently, Valley National Bank moved for default judgment.

## II.  **DISCUSSION**

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it

was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III. ANALYSIS

"Under the Ship Mortgage Act, a valid ship mortgage meeting the requirements of 46 U.S.C. § 31322 is a 'preferred mortgage.' which 'is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel.'" *Governor & Co. of Bank of Scotland v. Sabay*, 211 F.3d 261, 270 (5th Cir. 2000) (quoting 46 U.S.C. § 31325(a)). If a mortgagor defaults on a term of a preferred mortgage, "the mortgagee may . . . enforce the preferred mortgage lien in a civil action in rem for a documented vessel." 46 U.S.C. § 31325(b)(1).

When bringing an in rem civil action under 46 U.S.C. § 31325(b)(1), Supplemental Rule C of the Federal Rules of Civil Procedure ("Rule C") provides that, after a vessel has been arrested, a plaintiff must "give public notice of the action and

arrest in a newspaper designated by court order and having general circulation in the district." Fed. R. Civ. P. Supplemental Rule C(4). Rule C.2 of the Local Rules for Admiralty ("LRA C.2") explains that "[t]he notice required by . . . Rule C(4) shall be published by the plaintiff once in a newspaper of general circulation in the judicial division where the seizure occurred." LRA C.2. Before default judgment may be granted, a plaintiff "must satisfy the judge that due notice of the action and arrest of the property has been given," *inter alia*, "by the publication as required in LRA C.2." LRA C.3.

On November 9, 2016, Valley National Bank filed an affidavit completed by Lara Halliday ("Halliday"), "an authorized representative of V.I. Source, Inc" (the "V.I. Source"). ECF No. 19. Halliday asserted that the V.I. Source is "an internet newspaper of general circulation, printed and published daily in the US Virgin Islands." *Id.* Halliday stated that notice of this action and the arrest of the Sweet Illusion appeared on the V.I. Source's website daily from August 3, 2016, through September 2, 2016.

Valley National Bank did not seek a court order designating a newspaper within which to publish notice of this action. The Court did not enter an order designating a newspaper. Further, unlike the local rules of some district courts, the District

Court of the Virgin Islands does not have a standing order designating appropriate newspapers for notice by publication. *See, e.g.*, *Rutherford Boat Shop, Inc. v. VESSEL MOONSHADOW*, No. C-12-35-DMR, 2012 WL 1933318, at *3 (N.D. Cal. May 29, 2012) (citing local rule for N.D. Cal., which "list[s] appropriate newspaper for publication notice").[1] Accordingly, because VNB has not published notice in a newspaper designated by Court order, the Court will deny Valley National Bank's motion for default judgment without prejudice.

The premises considered, it is hereby

**ORDERED** that the motion for default judgment docketed at ECF Number 22 is **DENIED**.

S\_____
**Curtis V. Gómez
District Judge**

---

[1] Indeed, at best, LRA C.2 merely restates the general rule that publication must be in a newspaper having "general circulation." *Compare* Fed. R. Civ. P. Supplemental Rule C(4) (providing that publication must be "in a newspaper . . . having general circulation") *with* LRA C.2 (providing that publication must be "in a newspaper of general circulation").